UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA
CHAPTER 13 PLAN (Individual Adjustment of Debts) www.flsb.uscourts.gov

[ X ] __THIRD__ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
[ ] _ Modified Plan (Indicate 1st, 2nd, etc. modified, if applicable)

In Re: RICKEY DEWAYNE HENDERSON    ANGELIQUE SUSAN HENDERSON    10-36073-JKO

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of 60 months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

A. $ __508.12__ for months __1__ to __60__ in order to pay the following creditors:

| | |
|---|---|
| Administrative: SAFE HARBOR ATTORNEY FEES: Base Fee: | $ 3,500.00 |
| Plus Additional Safe Harbor Fee(s) and Costs for: Motion to Value Real Estate: | 775.00 |
| Total Safe Harbor Attorney Fees and Costs: | $ 4,275.00 |
| LESS: Total Paid: | 1,951.00 |
| Balance Due: | $ 2,324.00 |
| Payable:------------------------------------------------------------ | $387.33 /month (Months 1 to 6) |

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. 1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:
1 _____    PAYOFF on Petition Date _____
   Address:                   PAYOFF Payment _____ /month (Months 1 to 12)

IF YOU ARE ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.

| Secured Creditor | Description and Value of Collateral | Interest Rate | Plan Payments | Months of Payments | Total Plan Payments |
|---|---|---|---|---|---|
| INDYMAC BANK | Value of Homestead Less 1st Mortgage $0.00 | N/A | $0.00 | 1 to 60 | $0.00 |

Priority Creditors: [as defined in 11 U.S.C. section 507]
1 _____ Total Due: $ _____ Payable $_____/mo. (Mos. 1 to 12) Regular Payment $__N/A__

Unsecured Creditors: Pay $74.60/month (Months 1 to 6); $461.93/month (Months 7 to 60);
Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

**Other Provisions Not Included Above:**
(1) Debtors are current on their obligations to CITIMORTGAGE, INC., first mortgagee on Debtors' homestead, and they will continue to pay it directly, outside the plan.
(2) Debtors are current on their obligations to ACURA FINANCIAL SERVICES, secured creditor on the 2008 ACURA TL, and they will continue to pay it directly, outside the plan.
(3) Debtors are surrendering all their interests in their non-homestead properties to related secured creditors. The property addresses, secured creditors and related account numbers are:
   (a) 1423 N. 59 TERRACE, HOLLYWOOD, FL 33021; DEUTSCHE BANK NATIONAL TRUST (acct.#1127076745)
   (b) 841 SW 74 TERRACE, #E-101, POMPANO BEACH, FL 33068; INDYMAC (acct.#3002765109), HALFWAY TREE (acct.#HWT E-101)
   (c) SILVER LAKE RESORT, UNIT 8304, WEEK 135; SILVER LAEK RESORT (acct.#27502)
(4) Debtors REJECT all lease obligations to DEANNA CONVO, CYNTHIA RANDALL and DE'AUNDRA CLEARE, lessees of properties (3)(a) and (b), above.
(5) Debtors shall provide copies of yearly income tax returns to the Trustee no later than May 15th during the pendency of the Chapter 13 case. In the event Debtor's income or tax refunds increase, Debtor shall increase payments to unsecured creditors over and above payments provided through the plan up to 100% of allowed unsecured claims.
(6) This is a "Lanning Case". Because Debtors are surrendering their rental properties, projected disposable income should exclude the $1,172.16 "Rent and other real property income" that appears on Line 4.c. of Form B22C, and Line 20 (CMI) should be reduced by the same amount. Line 30 (taxes) is not affected by the change in CMI, as the decrease in rental income is offset by the loss of depreciation deductions from the properties Debtor are surrendering. Accordingly, Line 30 reflects the Debtors' tax burden going forward, exclusive of any rental income or expenses. Line 50 (Ch. 13 Administrative Expenses) should be reduced to $16.83 to reflect the reduced administrative expenses resulting from reduced Monthly Disposable Income (Line 59). The Debtors' projected disposable income (adjusted for facts "known or virtually certain"): Line 59 (Monthly Disposable Income) is therefore $151.46.

I declare that the foregoing Chapter 13 Plan is true and correct under penalty of perjury.

_____    12-7-10
RICKEY DEWAYNE HENDERSON    Date

_____    12-7-10
ANGELIQUE SUSAN HENDERSON   Date